

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Paul E. Budlow* | *Suite 400* | *DIRECT: 410-209-4917* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Paul.Budlow@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

May 18, 2015

Paul Hazlehurst, Esq.
Office of the Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

    Re:    United States v. William Sylvia
           Criminal #: TBD  15-520

Dear Mr. Hazlehurst:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, May 29, 2014, at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to waive indictment and plead guilty to an Information charging him with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) & (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

        a.    That on or about February 20, 2015, in Maryland, the Defendant knowingly possessed and accessed a visual depiction with intent to view;

        b.    That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

1

c. That the visual depiction was of one or more prepubescent minors engaged in sexually explicit conduct; and

d. That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

3. Although not an element of the offense, because the Defendant is being sentenced within an enhanced statutory maximum pursuant to Title 18, United States Code, Section 2252A(b)(2), the following additional fact is necessary: the Defendant committed the charged offense having been previously convicted under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

## Penalties

4. (a) The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is imprisonment for not less than ten (10) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b) The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By

agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

      b.    If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      c.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      d.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      e.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      f.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      g.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      h.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      i.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes

can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a.     The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1).

   b.     Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). **(Subtotal: 20).**

   c.     Pursuant to U.S.S.G. §2G2.2(b)(3)(B), there is a two (2) level increase because the offense involved distribution. **(Subtotal: 22).**

   d.     Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 24).**

   e.     Pursuant to U.S.S.G. §2G2.2(b)(7)(A), there is a two (2) level increase because the offense involved more than 10 images. **(Subtotal: 26).**

   f.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date

of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated offense level is **23**.

8.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.  This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

10.  The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of this case: a sentence of one hundred twenty (120) months of incarceration and lifetime supervised release. This agreement does not affect the Court's discretion to impose any lawful fine. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

## Obligations of the United States Attorney's Office

11.  The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Restitution

12.  For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw

Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

13. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

14. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

15. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Forfeiture

16. Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on September 20, 2013. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to:

   a. Gateway Desktop Computer, Model: DX4870, s/n: 31500383992;
   b. SanDisk Cruzer Glide Flash Drive 16GB;
   c. Kodak Easyshare Camera, s/n: KCGLW12103283, with charger;
   d. Huawei Cell Phone, model: H8676, s/n: C9F2B91332303823;
   e. Samsung Galaxy SIII, FCC ID: A3LSCH1535, with charger; and
   f. Playstation 2 8MG cards and PS2 6MB memory card

## Waiver of Appeal

17. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the

decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, and term or condition of supervised release).

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

   e. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement.

## Obstruction or Other Violations of Law

18. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

20. The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

### Entire Agreement

21. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/23/15
Date

William Sylvia

I am William Sylvia's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/23/15
Date

Paul Hazlehurst, Esq.

**Attachment A**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

William Sylvia ("Sylvia"), age 71, is a resident of Hagerstown, Maryland. As detailed below, Sylvia used a computer to send, receive, and collect child pornography.

In approximately 1995, Sylvia was convicted of Rape of a Child in Massachusetts, and sentenced to 7 to 10 years' incarceration. On September 3, 2004, in the Circuit Court of Berkeley County, West Virginia, Sylvia was convicted of Sexual Abuse by a parent, custodian or guardian in violation of West Virginia Code § 61-8D-5(a) and Sexual Abuse in the 3rd Degree, in violation of West Virginia Code § 61-8B-5(a)(2). The offense occurred between 1986 and 1992. Sylvia was sentenced to 1 to 5 years' incarceration.

Sylvia was the sole user of the email account adventurer4722@yahoo.com. On April 1, 2013, Sylvia, using his email account adventurer4722@yahoo.com, sent the user of nickpedone443@yahoo.com an email containing 10 attached image files. The subject of the email was "pics from will" and the display name was Bill Sylvia. In the body of the email it is stated "I dont have many, but I hope you enjoy. Bill". At least half of the image files contained visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "-00 cool dudexxx (3).jpg," a naked prepubescent female is laying down with her legs spread opened, exposing her genitalia. The prepubescent female's hands are touching her genitals.

On April 1, 2013, Sylvia sent the user of nickpedone443@yahoo.com an email containing 1 attached image file. The subject of the email was "Re:" and the display name was Bill Sylvia. In the body of the email it is stated "your pics are so hot!!!!!! here is one of me at 5 sucking my dad." In the image, the title of which is "bill n dad.jpg," a naked prepubescent male is performing oral sex on an adult male.

On April 16, 2013, Sylvia sent the user of nickpedone443@yahoo.com 5 emails containing a total of 23 attached image files. At least half of the image files contained visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "55555.jpg," a naked prepubescent male is performing anal sex on a second naked prepubescent male while the second prepubescent male is performing oral sex on a third prepubescent male.

On September 4, 2014, law enforcement obtained a search warrant for Sylvia's email account adventurer4722@yahoo.com. A review of the search warrant results provided by Yahoo revealed emails sent and received by adventurer4722@yahoo.com. Examples of the emails are as follows:

1

On April 7, 2014, Sylvia sent an email to another user that stated, in part, "I received your message, thank you for the reply. unfortunately I lost most of my best pics when my computer crashed last month. I hope I can retrieve them." The email was signed "Bill".

On July 13, 2014, the user of adventurer4722@yahoo.com received an email from another user which contained 6 attached images that were visual depictions of minors engaging in sexually explicit conduct and are child pornography under 18 U.S.C. § 2256(8). In one image, the title of which is "3535.jpg," a naked prepubescent female is touching an adult male's erect penis. The user of adventurer4722@yahoo.com replied to the email and stated, "You are a beautiful young lady..I love your budding breasts, would love to lick and suck them. send more and I will send you more...want to see your brother also."

During all relevant time periods mentioned above, Sylvia was a registered sex offender and living at the Clarion Inn, located at 901 Dual Highway, Suite 3000, Hagerstown, Maryland 21740. On February 20, 2015, a search warrant for was executed at Sylvia's residence at the Clarion Inn. Sylvia was present during the execution of the search warrant and was advised of his rights per *Miranda*, and voluntarily spoke to the investigators. Sylvia admitted to being the owner of email account adventurer4722@yahoo.com, and to using that account to obtain, possess, and trade files of child pornography with people he met on a website.

During the search warrant, investigator's seized the following items:

a. Gateway Desktop Computer, Model: DX4870, s/n: 31500383992;
b. SanDisk Cruzer Glide Flash Drive 16GB;
c. Kodak Easyshare Camera, s/n: KCGLW12103283, with charger;
d. Huawei Cell Phone, model: H8676, s/n: C9F2B91332303823;
e. Samsung Galaxy SIII, FCC ID: A3LSCH1535, with charger; and
f. Playstation 2 8MG cards and PS2 6MB memory card

Child pornography was found during the forensic examination of the Gateway computer and the SanDisk flash drive, including the following images:

- Frag780 - a prepubescent male and female are licking an erect adult male's penis;
- Frag824 - a minor male is performing oral sex on a naked prepubescent male; and
- Frag795 - an adult male's erect penis is touching a naked prepubescent female's vagina.

The Gateway computer and the SanDisk flash drive were manufactured out of the state of Maryland. The child pornography found in Sylvia's possession was transported in or affecting interstate or foreign commerce, and was produced using materials that had been transported in or affecting interstate or foreign commerce. The child pornography that Sylvia possessed, received, and distributed using his email account was transported in or affecting interstate or foreign commerce.

2

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case

*[signature]*
William Sylvia

~~I am~~ Mr. Sylvia's attorney. ~~I have carefully~~ reviewed the statement of facts with him.

*[signature]*
Paul Hazelhurst, Esquire
Counsel for William Sylvia

3